JANE M. FLYNN, ESQ. (SBN 167466)
jane.flynn@fedex.com
**FEDERAL EXPRESS CORPORATION**
2601 Main Street, Suite 1100
Irvine, CA 92614
Telephone: (949) 862-4643
Facsimile: (901) 492-5641

Attorney for Defendant,
FEDERAL EXPRESS CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUTHER SMITH,<br><br>    Plaintiff,<br><br>vs.<br><br>FEDERAL EXPRESS CORPORATION, a California corporation, doing business as FEDEX, and DOES 1-10,<br><br>    Defendants. | **Case No. 4:25-cv-05544-JST**<br><br>Assigned for all Purposes to the:<br>Honorable Judge Jon S. Tigar<br><br>**DEFENDANT'S ANSWER TO THE COMPLAINT**<br><br>Complaint Filed: July 9, 2025<br>Trial Date:  Not Set |

Defendant, Federal Express Corporation, on behalf of itself and no other Defendant, hereby Answers Plaintiff's Complaint for Damages by admitting, denying and alleging as follows:

## INTRODUCTION

1. Answering Paragraph 1 of the Complaint, Defendant admits that Luther Smith was employed by Federal Express Corporation. Except as so admitted, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 1.

2. Answering Paragraph 2 of the Complaint, Defendant is without sufficient information to ascertain the truth of the allegations and on that basis denies the

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

CASE NO. 3:25-CV- 05544
ANSWER

2070603 (321631)

allegations contained in Paragraph 2.

3.    Answering Paragraph 3 of the Complaint, Defendant is without sufficient information to ascertain the truth of the allegations and on that basis denies the allegations contained in Paragraph 3.

4.    Denied.

4a.    Denied.

4b.    Denied.

4c.    Denied.

4d.    Denied.

4.e    Denied.

4f.    Denied.

5.    Answering Paragraph 5, Defendant admits Plaintiff seeks damages but denies Plaintiff's entitlement to recover damages.

6.    Answering Paragraph 6, Defendant admits Plaintiff seeks damages but denies Plaintiff's entitlement to recover damages.

**JURISDICTION AND VENUE**

7.    Answering Paragraph 7, Defendant admits the Court has jurisdictions over the claims alleged under 28 U.S.C. § 1331, 29 U.S.C. § 206(a)(1), and 42 U.S.C. § 1981.

8.    Denied.

9.    Denied.

10.    Answering Paragraph 10, Defendant admits venue is proper, as Plaintiff worked for Defendant in San Francisco, California. Except as so admitted, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 10.

/ / /

/ / /

/ / /

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

2                                    CASE NO. 3:25-CV- 05544
                                                    ANSWER

2070603 (321631)

## PARTIES

11.   Answering Paragraph 11, Defendant is without sufficient information to ascertain the truth of the allegation regarding Plaintiff's residency. Except as so admitted, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 11.

12.   Answering Paragraph 12, Defendant admits it does business in San Franciso. Except as so admitted, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 12.

13.   Admitted.

14.   Denied.

15.   Denied.

16.   Denied.

17.   Denied.

18.   Denied.

## GENERAL ALLEGATIONS

19.   Answering Paragraph 19 of the Complaint, Defendant admits that Luther Smith was employed by Federal Express Corporation from August 2018 until February 2024.  Except as so admitted, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 19.

20.   Answering Paragraph 20, Defendant is without sufficient information to ascertain the truth of the allegations and on that basis denies the allegations contained in Paragraph 20.

21.   Denied.

22.   Denied.

23.   Answering Paragraph 23, Defendant admits Plaintiff received a Bravo Zulu award on one occasion and that the issuing manager stated, "Luther, you have just started your career at FedEx, yet you have shown so much eagerness, potential and dedication to everything this company stands for. I feel blessed to have you on my

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

2070603 (321631)

3

CASE NO. 3:25-CV- 05544
ANSWER

team and am looking forward to be working with you." Except as so admitted, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 23.

24.    Answering Paragraph 24, Defendant admits the quoted statement was made in an Online Counseling and Complement. Except as so admitted, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 24.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

/ / /

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

2070603 (321631)

CASE NO. 3:25-CV- 05544
ANSWER

45.   Answering Paragraph 45, Defendant is without sufficient information to ascertain the truth of the allegations and on that basis denies the allegations contained in Paragraph 45.

46.   Answering Paragraph 46, Defendant is without sufficient information to ascertain the truth of the allegations and on that basis denies the allegations contained in Paragraph 46.

47.   Answering Paragraph 47, Defendant is without sufficient information to ascertain the truth of the allegations and on that basis denies the allegations contained in Paragraph 47.

48.   Answering Paragraph 48, Defendant is without sufficient information to ascertain the truth of the allegations and on that basis denies the allegations contained in Paragraph 48.

49.   Answering Paragraph 49, Defendant is without sufficient information to ascertain the truth of the allegations and on that basis denies the allegations contained in Paragraph 49.

50.   Answering Paragraph 50, Defendant is without sufficient information to ascertain the truth of the allegations and on that basis denies the allegations contained in Paragraph 50.

51.   Answering Paragraph 51, Defendant is without sufficient information to ascertain the truth of the allegations and on that basis denies the allegations contained in Paragraph 51.

52.   Denied.

53.   Answering Paragraph 53, Defendant is without sufficient information to ascertain the truth of the allegations and on that basis denies the allegations contained in Paragraph 53.

54.   Denied.

55.   Denied.

56.   Denied.

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

CASE NO. 3:25-CV- 05544
ANSWER

2070603 (321631)

57. Denied.

58. Answering Paragraph 58, Defendant is without sufficient information to ascertain the truth of the allegations and on that basis denies the allegations contained in Paragraph 58.

59. Answering Paragraph 59, Defendant is without sufficient information to ascertain the truth of the allegations and on that basis denies the allegations contained in Paragraph 59.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Admitted.

79. Denied.

80. Denied.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

6

CASE NO. 3:25-CV- 05544
ANSWER

2070603 (321631)

81.  Denied.

82.  Denied.

83.  Denied.

84.  Denied.

85.  Denied.

86.  Defendant admits Plaintiff seeks leave to amend his complaint to identify Doe defendants. Except as so admitted, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 86.

87.  Denied.

88.  Denied.

## COLLECTIVE ACTION ALLEGATIONS

89.  Denied.

90.  Answering Paragraph 90, Defendant admits Plaintiff identifies a proposed Class. Except as so admitted, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 90.

91.  Denied.

92.  Answering Paragraph 92, Defendant denies, generally and specifically, each and every allegation in Paragraph 92, including each of its subparts.

## FIRST CAUSE OF ACTION

93.  Defendant incorporates all of its prior responses to Paragraphs 1-93.

94.  Denied.

95.  Denied.

96.  Denied.

97.  Denied.

98.  Denied.

99.  Denied.

100.  Denied.

101.  Denied.

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

2070603 (321631)

CASE NO. 3:25-CV- 05544
ANSWER

102.   Denied.

103.   Denied.

104.   Denied.

105.   Denied Plaintiff is entitled to any relief.

## SECOND CAUSE OF ACTION

106.   Defendant incorporates all of its prior responses to Paragraphs 1-106.

107.   Denied.

108.   Denied.

109.   Denied.

110.   Denied.

111.   Denied.

112.   Denied.

113.   Denied.

114.   Denied.

115.   Denied.

116.   Defendant admits Plaintiff attached Exhibit A.

117.   Denied.

118.   Denied.

119.   Denied Plaintiff is entitled to any relief.

## THIRD CAUSE OF ACTION

120.   Defendant incorporates all of its prior responses to Paragraphs 1-120.

121.   Denied.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Denied.

126.   Denied.

127.   Denied.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

2070603 (321631)

CASE NO. 3:25-CV- 05544
ANSWER

128. Defendant admits Plaintiff quotes a portion of the Labor Code. Except as so admitted, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 128.

129. Defendant admits Plaintiff quotes a portion of the Labor Code. Except as so admitted, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 129.

130. Denied.

131. Denied.

132. Denied Plaintiff is entitled to any relief..

## FOURTH CAUSE OF ACTION

133. Defendant incorporates all of its prior responses to Paragraphs 1-133.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied,

141. Denied Plaintiff is entitled to any relief.

## FIFTH CAUSE OF ACTION

142. Defendant incorporates all of its prior responses to Paragraphs 1-142.

143. Defendant admits Plaintiff has quoted IWC Wage Order 9. Except as so admitted, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 143.

144. Defendant admits Plaintiff has quoted Labor Code Section 512. Except as so admitted, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 144.

145. Denied.

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

2070603 (321631)

9

CASE NO. 3:25-CV- 05544
ANSWER

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied Plaintiff is entitled to any relief.

## NINTH (SIC) CAUSE OF ACTION

151. Defendant incorporates all of its prior responses to Paragraphs 1-151.

152. Denied.

153. Denied.

154. Denied.

155. Defendant admits Plaintiff has quoted Wage Order No 9 in part. Except as so admitted, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 155.

156. Defendant admits Plaintiff has referenced a section of the Labor Code in part. Except as so admitted, Defendant denies, generally and specifically, each and every allegation contained in Paragraph 156.

157. Denied.

158. Denied.

159. Denied.

160. Denied Plaintiff is entitled to any relief.

## SEVENTH CAUSE OF ACTION

161. Defendant incorporates all of its prior responses to Paragraphs 1-161.

162. Denied.

163. Denied.

164. Denied.

165. Denied.

166. Denied Plaintiff is entitled to any relief.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

2070603 (321631)

10

CASE NO. 3:25-CV- 05544
ANSWER

## EIGHTH CAUSE OF ACTION

167.  Defendant incorporates all of its prior responses to Paragraphs 1-167.

168.  Denied.

169.  Denied.

170.  Denied.

171.  Denied.

172.  Denied.

173.  Denied.

174.  Denied.

175.  Denied.

176.  Denied.

177.  Denied Plaintiff is entitled to any relief.

## PRAYER FOR RELIEF

178.  Answering the Prayer for Relief, Defendant denies Plaintiff is entitled to any relief whatsoever, and generally and specifically denies each and every allegation in the Prayer, including each of its subsections.

## AFFIRMATIVE DEFENSES

179.  Without conceding that it bears the burden of proof as to any issue, Defendant asserts the following defenses to the Complaint:

## FIRST DEFENSE

180.  Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

181.  Some or all of Plaintiff's claims and/or the claims of the putative collective action members are barred by the applicable statute of limitations, including, but not limited to, California Civil Code of Procedure §§ §§ 335.1, 337, 338(a), 339 and/or 340 and 343, and Government Code §§ 12960 and 12965.

/ / /

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

2070603 (321631)

11

CASE NO. 3:25-CV- 05544
ANSWER

**THIRD DEFENSE**

182.    Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to pursue those claims on behalf of himself and/or some or all of the putative collective action members.

**FOURTH DEFENSE**

183.    Plaintiff's claims and/or those of some or all of the putative collective action members are barred, in whole or in part, to the extent Plaintiff failed to exhaust his internal and/or administrative remedies.

**FIFTH DEFENSE**

184.    Plaintiff and/or some or all of the putative collective action members are barred, in whole or in part, to the extent the work they performed falls within the executive or administrative exemptions to the FLSA and/or the California Labor Code, administrative regulations and IWC Wage Order number 9.

**SIXTH DEFENSE**

185.    In calculating liability (if any) for wages, including minimum wage and overtime wages, Defendant is entitled to exclusion of all elements of Plaintiff's compensation and/or that of some or all of the putative collective action members that are excludable from an employee's regular rate under federal law for purposes of calculating overtime, including, but not limited to, those elements that fall within Section 7(e) of the FLSA, 29 U.S.C. § 207(e), and for all time spent on preliminary or postliminary activities excludable from hours worked under 29 U.S.C. § 254.

**SEVENTH DEFENSE**

186.    Defendant is entitled to a credit against any wages owed (if any) to Plaintiff and/or some or all of the putative collective action members for any amounts permitted under federal or California law to be credited toward an employer's liability, included, but not limited to, those set forth in Section 7(h) of the FLSA, 29 U.S.C. § 207(h).

/ / /

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

12                CASE NO. 3:25-CV- 05544
ANSWER

2070603 (321631)

**EIGHTH DEFENSE**

187.   The damages incurred by Plaintiff and/or some or all of the putative collective action members, if any, must be reduced or eliminated by any setoffs and credits for (1) all overpayments of compensation to Plaintiff and/or some or all of the putative collective action members, (2) sums which Plaintiff and/or some or all of the putative collective action members received during the course of their employment with Defendant for reasons other than for work performed for Defendant, and (3) all other amounts that may lawfully be deducted from any amount awarded to Plaintiff and/or some or all of the putative collective action members under the FLSA and the California Labor Code.

**NINTH DEFENSE**

188.   The claims of Plaintiff and/or some or all of the putative collective action members fail, in whole or in part, under the *de minimis* doctrine and/or because the damages (if any) associated with such claims are too speculative to be permitted.

**TENTH DEFENSE**

189.   Plaintiff and/or some or all of the putative collective action members are not entitled to some or all of the relief requested in the Complaint because, even if any unlawful practice or conduct occurred, which Defendant specifically denies, such practice/conduct was prohibited by applicable policy and was not committed, authorized or approved by Defendant. Specifically, Defendant did not request, permit, or suffer unpaid overtime or off the clock work from Plaintiff and/or putative collective action members.

**ELEVENTH DEFENSE**

190.   Some or all of the claims of Plaintiff and/or some or all of the putative collective action members are barred, in whole or in part, by the equitable doctrine of laches inasmuch as they have inexcusably and unreasonably delayed the filing of this action causing prejudice to Defendant.

/ / /

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

2070603 (321631)

13

CASE NO. 3:25-CV- 05544
ANSWER

## TWELFTH DEFENSE

191.   Plaintiff is not entitled to certification pursuant to 29 U.S.C. § 216(b) because they did not define potential opt-in plaintiffs to the collective action clearly and objectively.

## THIRTEENTH DEFENSE

192.   Plaintiff is not entitled to certification pursuant to 29 U.S.C. § 216(b) because the collective action is overly broad and unmanageable and because of the individualized nature of Plaintiff's claims and factual circumstances.

## FOURTEENTH DEFENSE

193.   Plaintiff is not entitled to certification pursuant to 29 U.S.C. § 216(b) because he cannot adequately represent the interests of the potential opt-in plaintiffs.

## FIFTEENTH DEFENSE

194.   Plaintiff is not entitled to certification pursuant to 29 U.S.C. § 216(b) because he is not similarly situated to the members of the collective action whom he purports and seeks to represent and cannot identify a group of similarly situated employees or former employees of Defendant.

## SIXTEENTH DEFENSE

195.   Plaintiff's claims are barred to the extent he asserts claims on behalf of similarly situated employees or former employees who do not give their consent in writing and/or whose express written consent is not filed with the Court.

## SEVENTEENTH DEFENSE

196.   At all times, Defendant attempted, in good faith, to comply with the provisions of the FLSA, the California Labor Code and IWC Order No. 9, and it had reasonable grounds for believing it complied. Accordingly, if there is a finding that Defendant violated the FLSA, the California Labor Code or IWC Wage Order No. 9 with respect to Plaintiff and/or the putative collective action members, the Court should decline to award liquidated damages or penalties.

/ / /

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

2070603 (321631)

## EIGHTEENTH DEFENSE

197.    Some or all of the claims of Plaintiff and/or some or all of the putative collective action members are barred, in whole or in part, by the principles of accord and satisfaction, set off, and/or payment.

## NINETEENTH DEFENSE

198.    Plaintiff's damages and/or those of some or all of the putative collective action members are limited to the extent he has failed to mitigate his damages.

## TWENTIETH DEFENSE

199.    Without admitting any wrongdoing or liability, Defendant's actions were not willful violations of the FLSA, the California Labor Code or IWC Wage Order No. 9.

## TWENTY-FIRST DEFENSE

200.    Plaintiff's claims and/or those of some or all of the putative collective action members are barred as to all time allegedly worked of which Defendant lacked constructive or actual knowledge.

## TWENTY-SECOND DEFENSE

201.    Plaintiff's claims and/or those of some or all of the putative collective action members against Defendant are barred, in whole or in part, by the equitable doctrines of waiver and/or unclean hands.

## TWENTY-THIRD DEFENSE

202.    Some or all of the claims of Plaintiff and/or some or all of the putative collective action members are barred, in whole or in part, because Plaintiff and/or some or all of the putative collective action members have waived and/or released such claims in exchange for adequate consideration.

## TWENTY- FOURTH DEFENSE

203.    Plaintiff and putative collective action members are estopped from bringing a cause of action under the FLSA, the California Labor Code or from receiving time and one-half for all hours worked in excess of forty to the extent that

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

2070603 (321631)

they, among other things, worked off the clock without Defendant's knowledge, under-reported their hours of work, accepted the denominated rate of pay, or failed to comply with the prevailing terms, conditions, policies, and procedures governing his employment, including the policies and procedures governing overtime.

## TWENTY-FIFTH DEFENSE

204.   Any action taken by Defendant with respect to Plaintiff (including, without limitation, the termination of his employment) was taken for legitimate, non-discriminatory and non-retaliatory reasons unrelated to his race and his purported exercise of rights under the FEHA, Labor Code or under the FLSA. Alternatively (and to the extent that such defense is appropriate under applicable law), while Defendant denies that it discriminated or retaliated against Plaintiff, should a finder of fact determine that any of Defendant's actions were based on a discriminatory or retaliatory motive, Defendant asserts that it would have taken the same actions regardless of such motive.

## TWENTY-SIXTH DEFENSE

205.   If Plaintiff has been damaged as alleged, his damage has been caused by his own intentional or negligent acts or omissions, or by intentional or negligent acts or omissions of entities other than Defendant for which Defendant is not responsible.

## TWENTY-SEVENTH DEFENSE

206.   Without admitting that discrimination or retaliation occurred, Defendant would have terminated Plaintiff absent discrimination or retaliation based on after-acquired evidence.

## TWENTY-EIGHTH DEFENSE

207.   Plaintiff did not engage in protected activity under the FLSA, FEHA and/or the California Labor Code.

## TWENTY-NINTH DEFENSE

208.   Even if Plaintiff can establish that he engaged in protected activity under the FLSA, FEHA and/or the California Labor Code, Defendant was unaware of said

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

2070603 (321631)

activity.

## THIRTIETH DEFENSE

209. To the extent that Plaintiff makes allegations or claims which were not made the subject of a timely complaint against Defendant filed by or on behalf of Plaintiff with the California Civil Rights Department, or otherwise failed to exhaust his administrative remedies, the Court lacks jurisdiction with respect to any such allegations or claims.

## THIRTY-FIRST DEFENSE

210. Defendant's actions with respect to the subject matter in each of the alleged causes of action were undertaken in good faith and for good cause, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper and justified means to further the sole purpose of Defendant to engage in and continue its business activities. By reason thereof, the Complaint is barred, in whole or in part, from recovery on any of the alleged causes of action.

## THIRTY-SECOND DEFENSE

211. The Complaint, and each cause of action therein, are barred, in whole or in part, because (a) Defendant exercised reasonable care to promptly prevent and correct any alleged discriminating or retaliatory behavior, and (b) Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

## THIRTY-THIRD DEFENSE

213. The Complaint, and each cause of action therein, are barred, in whole or in part, barred by the fact that any decisions made by Defendant with respect to Plaintiff's employment were reasonably based on the facts as Defendant understood them after a reasonable good faith investigation.

/ / /

/ / /

/ / /

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

2070603 (321631)

CASE NO. 3:25-CV- 05544
ANSWER

## THIRTY-FOURTH DEFENSE

214.   The cause of action for retaliation is barred as Defendant had no knowledge that Plaintiff was subject to retaliation as alleged in the Complaint. *Wellpoint Health Networks v. Superior Court*, 59 Cal. App. 4th 110 (1997).

## THIRTY-FIFTH DEFENSE

215.   The prayers for general damages, special damages, punitive and exemplary damages regarding each cause of action stated in the Complaint under California law are barred by the doctrine of avoidable consequences, as set forth in *State Department of Health Services v. Superior Court (McGinnis)*, 31 Cal. 4th 1026 (2003), on the grounds Plaintiff unreasonably failed to make use of Defendant's anti-discrimination and anti-retaliation procedures by failing to timely and properly report any alleged discrimination or retaliation, and his damages would have been avoided in whole or in part by reasonable use of these procedures.

## THIRTY-SIXTH DEFENSE

216.   If any loss, injury, damage or detriment occurred as alleged in the Complaint, the loss, injury, damage or detriment was not caused by, authorized or in any way ratified by any FedEx, and therefore, FedEx cannot be liable for the loss, injury, damage or detriment alleged.

## THIRTY-SEVENTH DEFENSE

217.   Plaintiff is not entitled to recover any compensatory or other monetary damages from FedEx for the alleged injuries on the grounds that Plaintiff's exclusive remedy for such alleged injuries arises under the California Workers' Compensation Act, and exclusive jurisdiction over such claims is vested in the California Workers' Compensation Appeals Board, and that Plaintiff failed to exhaust his remedies, if any, under the California Workers' Compensation Act or before the California Workers' Compensation Appeals Board.

/ / /

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

2070603 (321631)

## THIRTY-EIGHTH DEFENSE

218.   Plaintiff is not entitled to recover punitive or exemplary damages from Defendant for the alleged acts referred to in the Complaint on the grounds that said acts, if any, were performed by an employee of Defendant and that none of Defendant's officers, directors or managing agents committed the alleged acts, nor authorized them, nor ratified them, nor did Defendant or its officers, directors or managing agents have advance knowledge of the unfitness, if any, of the employee or employees who allegedly committed said acts, nor did Defendant employ said employee with a conscious disregard of the rights or safety of others. Cal. Civ. Code § 3294.

## RESERVATION OF RIGHTS

219.   Defendant reserves the right to assert any and all additional defenses as may be determined necessary during the course of discovery and to seek attorneys' fees and costs under any applicable statute.

WHEREFORE, Defendant prays for judgment as follows:

1.    That judgment is entered in favor of Defendant and against Plaintiff;

2.    That the Complaint is dismissed in its entirety with prejudice;

3.    That Defendant is awarded its costs of suit herein;

4.    That Defendant is awarded reasonable attorneys' fees as determined by the Court; and

5.    For such other and further relief as the Court may deem just and proper.

DATED:  July 30, 2025

Respectfully submitted,

By:   */s/ Jane M. Flynn*
JANE M. FLYNN
Attorney for Defendant,
FEDERAL EXPRESS CORPORATION

CASE NO. 3:25-CV- 05544
ANSWER

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

2070603 (321631)

**CERTIFICATE OF SERVICE**
*Luther Smith v. Federal Express Corporation*
**U.S. Northern District of California Court Case No.: 4:25-cv-05544-JST**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Federal Express Corporation, 2601 Main Street, Suite 1100, Irvine, California 92614.

On July 30, 2025, I served the within document(s): **DEFENDANT'S ANSWER TO THE COMPLAINT**

☒ with the Clerk of the Court for the United States District Court-Central District of CA by using the Court's CM/ECF system and that service will be accomplished by the court's CM/ECF system to the person(s) as set forth below.

☐ by transmitting via email the document(s) listed above to the email address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below.

☐ by arranging with First Legal Attorney Service to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 1100, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary business practices.

Anthony J. Nunes (SBN 290224)
NUNES LAW GROUP, APC
15260 Ventura Blvd., Suite 1200
Sherman Oaks, CA 91403
Tele: (855) 422-5529
Email: tony@nunesworkerrightslaw.com
**Attorneys for Plaintiff, *LUTHER SMITH*.**

☑ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 30, 2025, at Irvine, California.

*/s/ Desiray Russell*
Desiray Russell

CASE NO. 3:25-CV- 05544
ANSWER

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

2070603 (321631)