ANTHONY NUNES (Bar No. 290224)
NUNES LAW GROUP, APC
15260 Ventura Blvd, Suite 1200
Sherman Oaks, CA 91403
Telephone: (855) 422-5529
tony@nunesworkerrightslaw.com

Attorneys for Plaintiff LUTHER SMITH

JANE M. FLYNN (Bar No. 167466)
FEDERAL EXPRESS CORPORATION
2601 Main Street, Suite 1100
Irvine, CA 92614
Telephone: (949) 862-4643
jane.flynn@fedex.com

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

# UNITED STATE DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUTHER SMITH, on behalf of himself and all others similarly situated, | Case No. **4:25-CV-05544-JST** |
| | Hon. Jon S. Tigar |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| vs. | Case Management Conference: April 3, 2026 1:30 p.m. Courtroom 3 (3rd Floor) |
| FEDERAL EXPRESS CORPORATION, a California corporation, doing business as FEDEX, and DOES 1-10, | Date of Filing:   July 3, 2025 Trial Date:          August 16, 2027 |
| Defendants. | |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, Plaintiff Luther Smith, and Defendant Federal Express Corporation

(collectively, the "Parties") herby submit this Joint Case Management Conference Statement.

The Parties participated in a Rule 26(f) conference held on March 25, 2026: Anthony J. Nunes representing Plaintiff Smith and Jane M. Flynn representing Defendant.

## I.   <u>**JURISDICTION AND SERVICE**</u>

All named parties have been served, and there are no disputes with respect to personal jurisdiction or venue.

## II.   <u>**FACTUAL BACKGROUND**</u>

### A.   <u>Plaintiff's Allegations</u>

Plaintiff Luther Smith worked as a delivery driver for Defendant in the Union Square neighborhood of San Francisco, California from June 2018 until December 2023.

Plaintiff seek to represent himself and other aggrieved employees in California for violations of the California Labor Code and the U.S. Fair Labor Standards Act. Plaintiff and others like him did not receive all the wages owed, or proper meal/rest breaks provided under California's wage orders, or accurate wage statements, or final payment of wages.

Defendants' managers are aware and, in some cases, directed the delivery drivers to manipulate their timecards to show breaks that were skipped. Defendant directed drivers to create fake breaks by not scanning packages right away, but instead waiting until enough time passed to create a 30-minutes "meal period" in Defendant's records. Defendant would also manually change employees' time records to reflect meal breaks that were not actually taken. Drivers did not consent to these timecard adjustments.

Plaintiff alleges that reasons cited for his terminations were factually false and Defendant's termination was pretextual. Plaintiff denies that he was unreachable for two hours or mislead Defendant about either pick-ups or

- 2 -

undelivered drop-offs. Plaintiff had won multiple awards from Defendant in acknowledgment of his history of exemplary performance, but alleges discrimination following changes in Defendant's management structure.

Plaintiff contends that starting in August 2023, a new manager subjected Plaintiff (the sole Black employee within his unit) to discriminatory treatment through: assignment of disproportionately heavy workloads; providing problematic vehicles for work duties: reduction of work hours; and disparate treatment compared to similarly situated employees.

Plaintiff formally complained to management regarding both workplace safety issues and the alleged discriminatory treatment he was experiencing. On December 15, 2023, during the high-volume pre-Christmas delivery period complicated by street closures, Plaintiff was suspended for supposedly missing package scans. Despite other employees with far worse "performance" issues not facing any disciplinary consequences, Plaintiff alone was subjected to an indefinite suspension. Ten weeks later, on February 20, 2024, his employment was terminated.

B.      Defendant's Position

Plaintiff worked for Defendant Federal Express Corporation as a courier. Defendant terminated Plaintiff's employment for timecard falsification / misconduct / violation of company policy. While Plaintiff was on the clock, he spent 37 minutes paying his phone bill at an ATT&T store. Plaintiff also was unreachable for over two hours. Plaintiff claimed he was picking up packages, but the pickups had been cancelled already. Plaintiff also brought back 29 undelivered packages, where he had not attempted delivery and had multiple missing package scans, a repeated issue for which he was previously counseled.

Defendant denies Plaintiff's allegations of racial harassment / discrimination / retaliation. Plaintiff was treated fairly and in compliance with company policy forbidding harassing / discrimination and retaliation. Plaintiff's route, and the

- 3 -

number of packages on his route, was determined by Engineering and based on historical package volume. Routes are engineered for on time package delivery, to evenly distribute package volume between adjacent routes, and to ensure drivers have sufficient time to take required meal and rest breaks.

Defendant also denies Plaintiff's claims for violation of wage and hour laws. Plaintiff alleges he worked off the clock because he had to wait to enter the employee parking lot. There is street parking at the location where Plaintiff worked, and an uncontrolled parking lot in the front of the building. Additional employee parking is available in a gated parking lot. Entry to the gated parking lot only required the employee to swipe his or her employee badge or enter a code. The gate automatically opened for exit. There was no inspection of employees or their vehicles in order to enter or exit the parking lot. Plaintiff's time spent waiting to enter and/or exit the gated employee parking lot was not compensable time worked. Plaintiff also claims he worked off the clock because while on the road delivering packages Plaintiff chose to not scan packages to make it look like he took a meal break, when in fact he was actually working. Defendant's policies prohibit off the clock work, require employees to take statutorily compliant meal breaks, and Defendant automatically pays employees a meal break penalty when Defendant learns the employee did not take a compliant meal break. When an employee enters a code indicating the employee is on a meal break, the scanning device cannot be used during the meal break. Plaintiff did not report his missed breaks to Defendant, and instead, violated Defendant's policies by allegedly secretly working off the clock. When an employee submits a timecard, the employee certifies its accuracy. Employees must sign off and authorize any changes to timecard entries that affect their compensation. On several occasions when Plaintiff's timecard showed he did not take statutorily required meal breaks, Defendant counseled Plaintiff to take required meal breaks and reminded him of the importance of taking compliant meal breaks.

- 4 -

III.   **LEGAL ISSUES**

A.   **Plaintiff's Position**

Plaintiff alleges the wrongful termination, discrimination, harassment, and retaliation by his manager were motivation by racial animus and retaliation for Plaintiff's whistleblower complaints regarding Defendant's safety practices and alleged Labor Code violations.  Defendant's "Group 7" manager's stated reasons for termination were pretextual.  Plaintiff had an excellent employment record with Defendant and similar conduct by non-Black drivers who did not raise whistleblower complaints did not result in adverse action.

Based on the allegations pleaded in the complaint, the applicable legal issues are alleged federal and state labor law violations by Defendant for failing to:

1)   Pay Plaintiffs and putative class members minimum wages (Fair Labor Standards Act 29 U.S.C. 201 et seq., and California Labor Code §§ 1194, 1197, and 1197.1);

**2)**   Pay Plaintiffs and putative class members overtime wages (California Labor Code §§ 510 and 1198);

3)   Provide Plaintiffs and putative class members with compliant meal periods (California Labor Code §§ 226.7 and 512(a));

4)   Provide Plaintiffs and putative class members with compliant rest breaks (California Labor Code § 226.7);

5)   Reimburse Plaintiffs and putative class members for all necessary business expenses (California Labor Code § 2802).

6)   Provide Plaintiffs and putative class members with lawful itemized wage statements (California Labor Code § 226);

7)   Provide Plaintiffs and putative class members with accurate records (California Labor Code § 1174); and

8)   Provide Plaintiffs and putative class members with all wages at termination or resignation (California Labor Code §§ 201-203).

- 5 -

Plaintiff seeks damages, including unpaid wages, penalties, compensatory damages, and injunctive relief.

B.   Defendant's Position

Defendant disputes it is liable for any of the claims alleged by Plaintiff.

Defendant held Plaintiff to the same work rules and standards applied to all employees regardless of race or engaging in protected conduct. Plaintiff was counseled for failing to come to work on time, clocking in more than 5 minutes before his scheduled shift, failing to properly and timely scan packages, failing to attempt delivery of packages, failing to take required breaks, failing to make sure he did not leave packages behind in his vehicle, and falsifying his timecard.

Entering (and exiting) a gated parking lot by use of a badge or code, without any accompanying security check, does not constitute time worked under either the California Labor Code, the applicable IWC Order 9, or the FLSA. Plaintiff alleges he hid the fact that he chose to work off the clock while on the road, by delaying scanning his receipt of packages. Defendant's policies prohibit off the clock work, required compliant meal breaks, and provide for payment of a meal break penalty if the employee does not take a compliant meal break. Each time he submitted his timecard, Plaintiff attested to its accuracy. No changes were made to Plaintiff's timecard without his permission.

## IV.   MOTIONS

Plaintiff anticipates the filing of a motion for class certification.

Defendant anticipates it will oppose the motion for conditional certification, as well as final certification. Defendant anticipates filing a motion for summary judgment / adjudication. If certification is granted, Defendant will file a motion to decertify the collective action.

## V.   AMENDMENT OF PLEADINGS

Plaintiff does not currently intend to amend the pleadings.

Pursuant to the stipulation between the parties filed with the Court, Defendant

- 6 -

amended its Answer to add some omitted statute of limitations citations. Defendant does not currently intend to further amend its Answer.

## VI.   <u>EVIDENCE PRESERVATION</u>

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.  The Parties will work cooperatively to continue their dialogue regarding reasonable preservation as the case continues.

## VII.   <u>INITIAL DISCLOSURES</u>

The Parties exchanged initial disclosures per General Order No. 71 on October 24, 2025.

## VIII.   <u>DISCOVERY STATUS</u>

The Parties have tentatively scheduled deposition of Plaintiff and Plaintiff's direct manager for May 26 and 27, 2026. The Parties have exchanged written interrogatories and requests for production of documents.

## IX.   <u>RELATED CASES</u>

Plaintiff Smith received a class action settlement notice in *Saul Reyes v. Federal Express Corporation* (San Francisco County Superior Court Case No. CGC-23-603973).  Plaintiff Smith will follow the directions in the *Reyes* class action notice to opt-out of the *Reyes* settlement.

## X.   <u>SETTLEMENT AND ADR</u>

The Parties have not yet selected a mediator.

## XI.   <u>NARROWING OF ISSUES</u>

After adequate discovery and depositions have been conducted, the Parties will be in a better position to determine, if necessary, whether issues can be narrowed by agreement or by other motion.

## XII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Pursuant to the Court's standing order, each party states that there are no other interested entities or persons.

## XIII. PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XIV. OTHER ISSUES

The Parties do not anticipate other issues affecting the status or management of the case. If the Court desires any further information in advance of the Case Management Conference, the Parties are willing to provide it.

DATED: March 26, 2026                    Nunes Law Group, APC


                                         By: */s/ Anthony J. Nunes*
                                             ANTHONY J. NUNES
                                             Attorneys for Plaintiff LUTHER
                                             SMITH

DATED: March 26, 2026                    Federal Express Corporation


                                         By: */s/ Jane M. Flynn*
                                             JANE M. FLYNN
                                             Attorneys for Defendant
                                             FEDERAL EXPRESS
                                             CORPORATION


I hereby attest that the other Signatory concurred in the filing of the document.

Dated: March 26, 2026

FEDERAL EXPRESS CORPORATION

By: /s/ Jane M. Flynn
Attorney for Defendant
Federal Express Corporation

**CERTIFICATE OF SERVICE**
*Luther Smith v. Federal Express Corporation*
Case No. 4:25-CV-05544-JST

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Federal Express Corporation, 2601 Main Street, Suite 1100, Irvine, California 92614.

On March 27, 2026, I served the within document(s): **JOINT CASE MANAGEMENT STATEMENT**

| | |
|---|---|
| ☑ | With the Clerk of the Court for the United States District Court-Northern District of CA by using the Court's CM/ECF system and that service will be accomplished by the court's CM/ECF system to the person(s) as set forth below. |
| ☐ | By transmitting electronically document(s) listed above to the email address(es) listed below. |
| ☐ | By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below. |
| ☐ | By arranging with First Legal Attorney Service to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☐ | By placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed to the plaintiff as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 1100, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary business practices. |

Anthony J. Nunes (SBN 290224)
NUNES LAW GROUP, APC
15260 Ventura Blvd., Suite 1200
Sherman Oaks, CA 91403
T (855) 422-5529
tony@nunesworkerrightslaw.com
Attorneys for Plaintiff, LUTHER SMITH

☑   *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 27, 2026, at Irvine, California.

*/s/ Amy Bondi*
Amy Bondi

- 9 -

JOINT CASE MANAGEMENT STATEMENT / CASE NO.: 4:25-CV-05544-JST